UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALPHA PLASTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV1467 HEA |
| ) | |
| BRYAN CORTHELL, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order, [Doc. No. 4]. Defendants oppose the Motion. The Court conducted a hearing on the Motion on August 25, 2014. No evidence was presented. For the reasons set forth below, the Motion is denied, without prejudice.

## Facts and Background[1]

Plaintiffs filed its verified Petition in the Circuit Court for the City of St. Louis, Missouri on August 18, 2014, alleging Defendant had violated the terms of a non-compete agreement he had entered into with Plaintiff, Defendant's former employer.

Plaintiff is in the business of manufacturing and/or selling and marketing plastic

---

[1] The recitation of facts is set forth for the purposes of this motion only and in no way relieves the parties of the necessary proof thereof in later proceedings.

bottles and jars in Missouri and other states.  Defendant was employed by Plaintiff as a Plant Manager.

Defendant claims Defendant had access to confidential and highly sensitive non-public information and trade secrets.  Further, Plaintiff avers that Plaintiff and Defendant entered into a Non-Compete Agreement as a condition of and in consideration for Defendant's employment.

Plaintiff further avers that the Non-Compete Agreement to which Defendant agreed provided that Defendant would not work for a competitor of Plaintiff's while employed with Plaintiff and for a year after termination of Defendant's employment with Plaintiff.

Defendant's employment with Plaintiff ended in July, 2014, when Defendant voluntarily terminated his employment.  Defendant immediately began working for Poly-Tainer, Inc., a competitor of Plaintiff.

Plaintiff seeks to have a temporary restraining order entered restraining Defendant from working for Poly-Tainer.

## **Discussion**

The clear, relevant factors to consider when assessing the propriety of temporary restraining orders include: (1) the likelihood of success on the merits; (2) the presence or risk of irreparable harm; (3) the balancing of the harms of granting or

denying an injunction; and (4) the public's interest. *CDI Energy Services v. West River Pumps, Inc.*, 567 F.3d 398, 401 -402 (8th Cir. 2009), citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The party seeking injunctive relief bears the burden of proving these factors. *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir.2006).

Plaintiffs contend that Defendant is in violation of the Non-Compete Agreement, and that by virtue of his violation, it is irreparably harmed. Defendant, however, argues that Plaintiff never signed the agreement, has unclean hands by its actions in inducing Defendant to join Plaintiff's workforce and that there is nothing Defendant knows that could be injurious to Plaintiff.

The irreparable harm factor focuses on the harm or potential harm to the plaintiff of defendant's conduct or threatened conduct. *Dataphase*, 640 F.2d at 114. A plaintiff seeking preliminary injunction must establish that it "is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Natural Res. Def. Council, Inc.*, --- U.S. ----, 129 S.Ct. 365, 374 (2008). Significantly, the Eighth Circuit has consistently held that irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages. *General Motors Corp v. Harry Brown', LLC*, 563 F.3d 312, 319 (8th Cir. 2009). An irreparable injury is an injury "of such a nature that money

damages alone do not provide adequate relief." *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 986 (8th Cir.2008). If damages will adequately compensate plaintiffs for their injury, injunctive relief is not appropriate. See *Kelly v. Golden*, 352 F.3d 344, 353 (8th Cir.2003).

It is well established that the absence of a finding of irreparable injury is alone sufficient ground for denying a preliminary injunction. "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins v. Lewis,* 346 F.3d 841, 844 (8th Cir. 2003); see also *General Motors Corp.,* 563 F.3d at 319; *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506-07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 299 (8th Cir.1996); "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Bandag, Inc. v. Jack's Tire & Oil, Inc.,* 190 F.3d 924, 926 (8th Cir.1999) (quoting *Beacon Theatres,* 359 U.S. 500, 506-07). When there is an adequate remedy at law, a preliminary injunction is not appropriate. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir.1989).

Irreparable harm must be certain and imminent such that there is a clear and present need for equitable relief. *Iowa Utils. Bd. v. F.C.C.,* 109 F.3d 418, 425 (8th

Cir.1996). Possible or speculative harm is not sufficient. *See Local Union No. 884, United Rubber, Cork, Linoleum, & Plastic Workers of Am. v. Bridgestone/Firestone, Inc.,* 61 F.3d 1347, 1355 (8th Cir.1995). Furthermore, the remedy at law must be inadequate. *Gen. Motors Corp.,* 563 F.3d at 319.

Although Plaintiff argues that it is irreparably harmed by the alleged violation of the Non-Compete Agreement, Plaintiff has not demonstrated how, even assuming a violation, it is may actually be harmed. No confidential and or proprietary interests have been presented that Defendant knows or had reason to know. Plaintiff has not established that Defendant had access to customer lists or contact information, other than stating that Defendant attended a meeting with a customer. Even if Defendant may have known of the customers, there is nothing in the record before the Court at this time which would tend to establish that Defendant is attempting to contact Plaintiff's customers to try to persuade them to cease business with Plaintiff and start engaging in a business relationship with Defendant's current employer. Plaintiff's argued irreparable harm is, at this time, based on Plaintiff's speculation and perceived injury.

Moreover, in terms of balancing of the granting the TRO, Plaintiff has presented no harm it is experiencing at this time, other than its perceived harm that Defendant's new employment with a competitor will hurt Plaintiff. Defendant, on the other hand,

will experience significant harm if the TRO is granted. Defendant, after having advised Plaintiff of his intent to join Poly-Tainer, relocated his family from Utah to California. His children have started attending school in the new location, and if the Court were to enter the TRO, Defendant would be enjoined from making a livelihood for himself and his family. Balancing these considerations, the Court concludes that the harm to Defendant is significantly greater than the speculative harm to Plaintiff.

## Conclusion

Based upon the foregoing analysis, Plaintiff's motion for a temporary restraining order is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, [Doc. No. 4], is denied.

Dated this 25th day of August, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE